**Paul L. DELANEY, Executor of the Estate of Helen A. Carlisle, Appellant,**

**v.**

**George BASILIKO and Newcomb-Jones Realty, Inc., Appellees.**

**No. 3642.**

District of Columbia Court of Appeals.

Argued Feb. 8, 1965.

Decided March 31, 1965.

Rehearing Denied April 14, 1965.

Charles b. Sullivan, Jr., Washington, D. C., with whom John J. Donnelly, Washington, D. C., was on the brief, for appellant.

A. Slater Clarke, Washington, D. C., for appellee George Basiliko.

Irving B. Yochelson, Washington, D. C., for appellee Newcomb-Jones Realty, Inc.

Before HOOD, Chief Judge, and QUINN and MEYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from an order denying appellant leave to file a counterclaim and a counter cross-claim on the ground that more than twenty days had elapsed since service of the original complaint and cross-claim.[1] As no statement of proceedings and evidence or transcript was included in the record on appeal, the facts, as summarized below, were derived from the pleadings.

Appellant, as the executor of the estate of Helen A. Carlisle, entered into a contract with Mr. Arnold Graves for the sale of certain real property which was an asset of the estate. The contract called for a deposit of $1,000, which was paid by the purchaser, and for a commission of five percent of the purchase price to be paid to appellee-broker, Newcomb-Jones Realty, Inc. On February 5, 1964, the United States District Court for the District of Columbia entered an "Order Finally Ratifying Sale of Real Estate," but for reasons which are in dispute the sale never took place.

Appellee George Basiliko, claiming to be Arnold Graves' assignee under the contract, filed this suit in September 1964 against appellant and Newcomb-Jones for the return of the $1,000 deposit which was being held by the realty company. On September 15 Newcomb-Jones answered the complaint and filed a cross-claim against appellant for the amount of its brokerage commission ($4,050). It later filed a counterclaim against Basiliko for the commission.

On September 30, the District Court vacated its prior order ratifying the sale of the property and relieved the seller and purchaser of their obligations thereunder. The court also ordered that the $1,000 deposit be returned to Arnold Graves or his assignee. The deposit was subsequently returned and Basiliko moved in this action to dismiss his complaint and Newcomb-Jones' counterclaim against him. These motions were granted on October 28. The District Court's order thus settled the controversy between the parties, with the exception that it "left open under the sales contract [of] December 18, 1963, the dispute between the parties and Newcomb-Jones Realty, Inc. as the broker, on the matter of compensation, if any, due to the broker." That dispute is the subject matter of this action.

On October 28, 1964, the trial court allowed appellant to file his answers to appellees' complaint and cross-claim, even though more than twenty days had passed since service of the original pleadings. The court, however, did not allow appellant to file a counterclaim against Basiliko for the amount of any brokerage commission that might be awarded to Newcomb-Jones. Nor did it allow him to file a counter cross-claim against Newcomb-Jones for $11,200, the difference between the contract price and the actual sale price of the property plus legal expenses. Appellant appeals from that part of the trial court's order which denied him leave to file his counterclaim and counter cross-claim.

■ Appellant's counter cross-claim against Newcomb-Jones was based on the latter's alleged breach of its fiduciary duty to obtain a bona fide purchaser. However, the only aspect of the case which was left open by the District Court was the question of brokerage fees. The order there is thus res judicata to any other claim arising under the contract, and the order of the trial court

1. Civil Rule 12(a) of the Rules of the District of Columbia Court of General Sessions.

denying appellant leave to file his counter cross-claim was correct.

 Appellant's counterclaim against Basiliko, however, did involve the question of the broker's compensation, for it asked that the purchaser be held liable for any brokerage commission which might be awarded to Newcomb-Jones. The order of the District Court thus did not bar this claim. And since Civil Rule 13(a) of the trial court requires a counterclaim to be filed if the court has jurisdiction over a claim which arises out of the same transaction that is the subject matter of the opposing party's claim and which does not require the presence of any other parties, appellant's counterclaim was compulsory and could not be separated from his answer. When the trial court waived its rules to allow the filing of a late answer to Basiliko's complaint, it could not deny leave to file the counterclaim which was an integral part of that pleading.

The order denying appellant leave to file his counterclaim against appellee Newcomb-Jones is affirmed and the order denying appellant leave to file his counterclaim against appellee Basiliko is reversed.

Affirmed in part.

Reversed in part.